David C. Larkin  #006644
DAVID C. LARKIN, P.C.
4645 South Lakeshore Drive, Suite 6
Tempe, Arizona  85282
Telephone (480) 491-2900
Fax (480) 755-4825
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Joan Link,<br><br>               Plaintiff,<br><br>vs.<br><br>Chapman Automotive Group, L.L.C., an Arizona limited liability Company, Chapman Chevrolet, L.L.C., an Arizona limited liability company,<br><br>               Defendants. | No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND: Plaintiff demands a trial by jury.** |

Plaintiff Joan Link hereby alleges as follows:

1. Plaintiff Joan Link is a resident of Maricopa County, Arizona, and at times material hereto was a resident of Maricopa County, Arizona.

2. Defendant Chapman Automotive Group, L.L.C. ("CAG") is, and at all times material hereto was an Arizona limited liability company doing business in Maricopa County operating retail auto dealerships.

3. Defendant Chapman Chevrolet, L.L.C. ("Chapman") is, and at all times material hereto was an Arizona limited liability company doing business in Maricopa County as a retail auto dealer and also doing business as an integrated retail auto business and marketing enterprise with defendant CAG.  Defendants Chapman and CAG will be referred to jointly as the "Chapman Companies").  Plaintiff was jointly employed by both Chapman Companies.

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a). This action arises under the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.* Any and all acts alleged herein arose in Maricopa County, Arizona.

5. Plaintiff demands a jury trial.

## CLAIM FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
**(29 U.S.C. § 2601 et seq.)**

6. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 5 above, as though each of said allegations were fully set forth herein.

7. Chapman is an Employer with 50 or more employees each of 20 or more workweeks during 2007 and 2008.

8. CAG is an Employer with 50 or more employees each of 20 or more workweeks during 2007 and 2008.

9. Together, Chapman and CAG are, and during 2007 and 2008 were Integrated Employers and/or Joint Employers for purposes of the FMLA.

10. Plaintiff Link was employed by Chapman as an assistant office manager from January 2005 until Chapman discharged her on November 6, 2008.

11. In 2008, plaintiff had been employed by Chapman Companies for more than 12 months and was, therefore, eligible for FMLA protections.

12. In or around June 27, 2008, plaintiff was tentatively scheduled for surgery to treat spinal stenosis on October 10, 2008, which would require inpatient care in a hospital and a period of incapacity exceeding three consecutive days. At that time, plaintiff gave notice to the Chapman Companies that she would need to schedule surgery and would need to take FMLA leave for that surgery and recovery from the surgery. Plaintiff was entitled to FMLA leave because she had a serious health condition that required inpatient care in a hospital, namely the surgery, and a period of incapacity recovering from the surgery, exceeding three consecutive days. Chapman Companies human resources/payroll clerk Marilyn Blunt gave plaintiff an FMLA packet to be completed when the date for surgery was

set. After consultation with Chapman Companies' "Onsite Healthcare Solutions" about the recommended surgery, plaintiff obtained a second opinion, and provided Chapman Companies with new proposed dates for her surgery in November and December 2008.

13. On or about November 3, 2008, plaintiff's surgeon offered two proposed dates for the surgery, November 19, 2009 and December 3, 2009.

14. On November 4, 2008, plaintiff told the Chapman Companies' office manager, Karen Romero, the two proposed dates for the surgery. Romero told plaintiff that Romero would speak with the Controller about this because other employees had requested vacation at the same time. Romero asked her if she could have the surgery in the last two weeks of December. Plaintiff told Romero that the surgeon had told her that he was not doing surgery during the last two weeks of December because he was taking those weeks off. Plaintiff also told Romero that the surgeon told her that he only did surgery on Wednesdays.

15. On November 5, 2008, the surgeon's office called plaintiff to tell her that the November 19, 2008 date was no longer available, and that the available dates for surgery were December 3, 2008 and December 10, 2008. Plaintiff then called Romero to inform her that the dates now available for the surgery were December 3 and 10, 2008. Romero again told plaintiff that Romero had to speak with the Controller because other employees had requested those weeks for vacation.

16. On November 6, 2008, Chapman Companies, and each of them, discharged plaintiff from her employment.

17. Defendants violated the FMLA by interfering with plaintiff's FMLA rights, restraining plaintiff from exercising her FMLA rights, and by denying plaintiff the exercise of her rights under the FMLA. Defendants also violated the FMLA by retaliating against plaintiff for exercising her right to take FMLA leave for surgery.

18. As a result of defendants' unlawful conduct, plaintiff has consequential damages, including but not limited to the value of lost wages, bonuses and other benefits in an amount in an amount according to proof.

19. Pursuant to the FMLA, plaintiff is entitled to recover her lost wages, employment benefits, other compensation lost and interest as a result of the violation. 29 U.S.C. § 2617(a)(1)(A)(i)(l).

20. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), plaintiff is entitled to liquidated damages in an amount equal to the amount of lost wages, employment benefits, other compensation and interest.

21. In accordance with federal law, including but not limited to 29 U.S.C. § 2617, plaintiff is entitled to recovery her attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joan Link respectfully requests the Court to enter judgment for plaintiff Link against defendants Chapman Automotive Group, L.L.C. and Chapman Chevrolet, L.L.C., and each of them, as follows:

A. That this Court award plaintiff such damages afforded by the FMLA, including but not limited to her lost wages, employment benefits, other compensation lost and interest according to proof.

B. That this Court award plaintiff liquidated damages in accordance with the FMLA.

C. That this Court award plaintiff her attorneys' fees and costs in accordance with federal law, including but not limited to 29 U.S.C. § 2617.

D. That this Court award pre-judgment and post-judgment interest on the amounts set forth in paragraphs "A" and "B" above, at the highest rate permitted by law.

E. That this Court grant such other and further relief as this Court may deem just and proper.

Dated this  29th  day of June, 2010.

DAVID C. LARKIN, P.C.

By: s/ David C. Larkin
David C. Larkin
Attorney for Plaintiff